PETER DE BAUN, APPELLANT, *v.* FRANK E. BEAN AND CATHARINE A. HEDGES, RESPONDENTS.

*Riparian owner — may dam up water in order to cut ice from the pond so formed — may drain the pond and hold back the water until it is filled again, when it is necessary in order that the ice may be clear.*

A riparian owner may construct and maintain a dam across a stream for the purpose of cutting and removing ice from the pond formed thereby.

In order to obtain good, clear ice, he may also, when necessary, drain the water from the pond, and clean and refill the same, although by so doing persons owning mills below him are deprived of the use of the water during the time required for the refilling of the pond. (CULLEN, J., dissenting.)

APPEAL from a judgment, entered upon the trial of this action by the court without a jury, dismissing the complaint herein, without costs.

The action was brought to procure an injunction and to recover damages.

*George W. Weiant,* for the appellant.

*J. A. Hyland,* for Bean, respondent.

*Seaman & Conger,* for Hedges, respondent.

BARNARD, P. J.:

The plaintiff has a mill upon a stream running out of Rockland lake and a dam by which he provides the water for the purposes of his mill. Nearly or quite forty years ago there was a pond above the plaintiff's pond. After being disused for many years the defendant Hedges rebuilt the old dam and leased the pond as an

ice pond. It has become necessary once since the lease for the lessee to repair the dam and for that purpose the water was let off and reponded again after the dam was repaired. It then became necessary to clean out the pond so as to have good ice. The pond was drawn off and cleaned out and then refilled. In repairing the dam and cleaning the pond, water escaped faster than plaintiff could use it, and in refilling the pond the plaintiff had no water to use.

The plaintiff seems to be without any remedy. The rule is well settled that a dam may be constructed by a riparian owner and the water ponded so as to propel machinery for which the stream is adequate. The proprietor below suffers damage while the water is filling up in the pond, but he has no remedy. (*Bullard* v. *Saratoga Victory Mfg. Co.*, 77 N. Y., 525.) The same rule prevails in reference to a repair of the dam. If a dam may be built it may be repaired. The use in this case is not to propel machinery but for ice. The use is not prescribed by law except that it must be lawful.

It is generally a question of fact. The riparian owner may have a fish pond or one for ornament only. He may divert the waters to domestic purposes. There is no case holding that ice may be removed, but it cannot be doubted. The ice belongs to the riparian owner. (*Dodge* v. *Berry*, 26 Hun, 246.) The withdrawing ice from the streams is an insignificant consideration in respect to the water which will be restored to the stream when it melts. It is so found by the judge as a question of fact in this case.

The right to erect a dam for ice must rest upon the same principle as the right to erect one for purposes of pleasure or for a manufactory.

The repair of the dam and the cleaning out the pond were both acts necessary for a proper use of the stream by the defendant and the judgment should be affirmed, with costs.

DYKMAN, J., concurred.

CULLEN, J. (dissenting):

It is said that every proprietor of lands on the banks of a stream has an equal right to the use of the water flowing through the stream without diminution or alteration. But this rule is qualified

by another, that each riparian owner has a right to a reasonable use of the water, and this, though such use may work some detriment to other riparian owners. (*Bullard* v. *Saratoga Victory Mfg. Co.*, 77 N. Y., 525.) From a literal adherence to the former rule, it would result that instead of every owner having an equal use, practically no owner would have any use. Some diminution of quantity is caused by using the water for watering cattle and other farm purposes. Much loss must also be occasioned by ponding the water and exposing it to evaporation. Yet such uses are held to be reasonable.

The diminution in the size of the stream by cutting ice must be slight. We think the cutting and gathering ice, if not carried to the extent of interfering with the beneficial enjoyment of the stream by other riparian owners, a reasonable use, and in this respect concur in the opinion delivered by WESTBROOK, J., in *Myer* v. *Whitaker* (55 How., 376). Here though the quantity of ice gathered is large, the trial judge has found that its removal worked the plaintiff no injury, as the water resulting from its thawing would have passed over the plaintiff's dam in the spring freshets, when the plaintiff's mill was not large enough to use the water furnished by the stream.

As the defendant Hedges, had a right to construct a dam and pond on her premises for mill purposes, suitable to the size of the stream, we do not see why she could not have made a pond for any other purpose, provided she did not exceed the limits prescribed.

The trial court has found that the construction of the pond and dam has not intefered with the supply of water for the plaintiff's mill. We think therefore the plaintiff was not entitled to a removal of the dam, nor to have the cutting of ice enjoined.

But it seems that for the purpose of getting clear ice the defendant Bean, the lessee, drained the pond entirely off at times, and then held the water back long enough to refill it. That thus during some considerable period the plaintiff's mill was entirely deprived of water and compelled to stop. Now, while we think that the defendants could pond the stream for the purposes of ice, to the same extent they would be entitled to for mill purposes, it is clear then they can have no greater right to interfere with the flow of the stream for the former purposes, than for the latter.

One having erected a dam may detain the water long enough to fill the pond behind it, permitting then the stream to resume its natural flow.

But he cannot use the pond to store water and at his option to let it flow away. (*Clinton* v. *Myers*, 46 N. Y., 511.) This use of the pond was unlawful. The trial court found that by it the plaintiff's mill was for a period made idle.

For this the plaintiff was entitled to recover damages, and he was entitled to an injunction restraining further use of the pond in that manner.

It follows that the complaint was improperly dismissed against the defendant Bean. As for the defendant Hedges, she had leased the property, and is not shown to have been connected with its improper use.

The judgment to her was therefore right and should be affirmed, with costs.

The judgment as to defendant Bean should be reversed and a new trial granted, costs to abide event.

Judgment dismissing complaint without costs, affirmed with costs.